**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHERRY P. BECKER,

        Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

        Defendant-Appellee.

No.   19-35592

D.C. No. 4:18-cv-00029-RRB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted June 3, 2020[**]
Anchorage, Alaska

Before: CHRISTEN, WATFORD, and BADE, Circuit Judges.

    Sherry Becker appeals the decision of Administrative Law Judge (ALJ)

LaCara finding Becker not disabled between February 2009 and August 2013, and

denying her Social Security benefits for that period. We have jurisdiction pursuant

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

to 42 U.S.C. § 405(g) and we affirm. Because the parties are familiar with the facts and procedural history of the case, we recite them only as necessary to resolve the issues on appeal.

Becker's claim has been heard by two different ALJs in three hearings over the course of ten years. The nature of Becker's disability claim involves complaints of physical pain that are not directly traceable to physical ailments. ALJ LaCara accounted for Becker's somatoform disorder but, after reviewing the entire medical record, determined that Becker's actual activity was not consistent with a finding that she was incapable of sustaining gainful employment between 2009 and 2013.

On appeal, Becker argues that ALJ LaCara did not comply with the scope of the Appeals Council's remand order. Although Becker superficially frames this argument in terms of the ALJ's compliance with the remand order, she does not explain how the Appeals Council's directions to ALJ LaCara differ from an ALJ's typical scope of review, nor explain why our review should differ from one for substantial evidence. Therefore, we review to determine whether substantial evidence supports ALJ LaCara's decision and whether ALJ LaCara applied the correct legal standards. Becker challenges three aspects of ALJ LaCara's decision; all three are supported by substantial evidence and a correct application of the law.

Specifically, ALJ LaCara obtained additional medical expert testimony to reconsider and reevaluate whether Becker medically improved in 2009. This included testimony concerning her somatoform disorder. ALJ LaCara provided a detailed analysis of how the objective medical evidence revealed that Becker had improved over time and that Becker's actual activities reflected and supported a finding of medical improvement. ALJ LaCara reconsidered Becker's psychological improvement as well, including Dr. Martino's finding that her somatoform disorder was in partial remission. ALJ LaCara was not required to ask the medical experts explicitly about medical improvement or cite their testimony in her analysis of Becker's improvement; it is the duty of the ALJ to determine improvement by comparing the current medical severity with the claimant's medical severity as of the last favorable decision. 20 C.F.R. § 416.994(b)(1)(vii).

ALJ LaCara also properly reevaluated and reweighed Dr. Kindell's opinion and declined to give it significant weight, citing specific and legitimate reasons. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). ALJ LaCara noted that both the objective medical evidence and the opinions of several nontreating physicians contradicted Dr. Kindell's opinion. *See* 20 C.F.R. § 416.927(c). ALJ LaCara also properly considered Dr. Feigin's opinion about Becker's mental residual functional capacity. On appeal, Becker focuses on the ALJ's failure to

3

explain why she did not adopt Dr. Feigin's opinion that "significant changes in routine should be avoided," but she neither explains how her past relevant work as a bookkeeper involved significant changes in routine, nor demonstrates that Dr. Feigin's statement was a limitation, and not a recommendation. *See Rounds v. Comm'r SSA*, 807 F.3d 996, 1006 (9th Cir. 2015).

Substantial evidence supports ALJ LaCara's decision, which complied fully with the scope of review required.

**AFFIRMED.**